IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC MAINA KARIUKI (#A208972436), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-3485-B-BN |
| JIMMY JOHNSON, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* habeas action filed by Eric Maina Kariuki, an immigration detainee held at the Prairieland Detention Center in Johnson County, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background, Legal Standards, and Analysis**

Through his habeas petition under 28 U.S.C. § 2241, Kariuki challenges a removal order entered January 26, 2017. *See* Dkt. No. 3 at 5, 10. The notice to appear issued by the U.S. Department of Homeland Security, attached as an exhibit to the Section 2241 petition, provides that Kariuki, a citizen of Kenya, was admitted to the United States on or about May 25, 1997 "as a non-immigrant F-1 student with

-1-

permission to remain in the United States until [December 31, 1999,]" and that Kariuki's overstaying that visa is the basis for his removal. *Id.* at 11. Kariuki appealed the removal order neither to the Board of Immigration Appeals nor the United States Court of Appeals for the Fifth Circuit. *See id.* at 5.

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999). Under that duty, the undersigned observes that

> [t]he REAL-ID Act, which became effective May 11, 2005, altered the judicial review of removal orders in habeas corpus proceedings. *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005). Under the pertinent provision of the Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." 8 U.S.C. § 1252(a)(5). The Act stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders. *Rosales*, 426 F.3d at 735-36.

*Moreno v. Dixon*, 558 F. App'x 403, 404 (5th Cir. 2014) (per curiam) (affirming the district court's "*sua sponte* dismissal, for want of subject-matter jurisdiction, of [a former federal prisoner's] 28 U.S.C. § 2241 petition, in which he challenged a final order of removal," and further observing that, like here, there, "the district court could not have transferred the petition to this court as a petition for review because the petition was not pending on the effective date of the Act" (citing *Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011) (per curiam))); *see also Sandoval-Lopez v. Tillerson*, ___ F. App'x ___, No. 17-40454, 2017 WL 4973814, at *3 (5th Cir. Nov. 1, 2017) (per curiam) ("[T]he REAL ID Act made clear that 'no court shall have jurisdiction [ ] by habeas corpus under [§] 2241 ... or by any other provision of law

(statutory or nonstatutory)' to review claims 'arising from any action or proceeding brought to remove an [individual] from the United States,' and that all review of removal orders brought 'under [§ 1252] shall be available only in judicial review of a final order under [§ 1252].' This directs review of an order of removal through the procedure outlined in § 1252." (quoting 8 U.S.C. § 1259(b)(9))).

For these reasons, the Court lacks subject matter jurisdiction over Kariuki's habeas petition.

**Recommendation**

The Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

 DATED: December 27, 2017

            _____
            DAVID L. HORAN
            UNITED STATES MAGISTRATE JUDGE